WOODS, Housing Expediter, v. ROSEFAY CORPORATION et al.

Civil Action No. 11260.

United States District Court
D. New Jersey.
Oct. 8, 1948.

John E. McCracken and Harold Cohn, both of New York City, Max W. Meisner, of Newark, N. J., and Sylvan D. Freeman, Office of the Housing Expediter, of New York City, for plaintiff.

Narol & Greenhouse, of Newark, N. J., for defendants.

MEANEY, District Judge.

This matter is before the court on plaintiff's application for a preliminary injunction to restrain defendants from violating the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and Regulations promulgated thereunder during the pendency of this action.

From affidavits filed on behalf of plaintiff and defendants it appears that:

Mabel Baldwin and her husband, Albert H. Baldwin, are the tenants of a 19-room building at 1143 Broad Street, Newark, New Jersey. Of the nineteen rooms, they occupy two rooms, renting the other 17 as sleeping rooms. The Baldwins held under a lease from one Louis Suskind, which lease expired on April 30, 1948, and under which the rent registered with the Office of Price Administration was $120 per month.

It further appears that defendants purchased said premises from Louis Suskind before the expiration of the lease and demanded that a monthly rental of $200 be paid after the expiration of the lease as a condition of continuing as tenants.

The Baldwins having refused to comply with the demand, defendants served notice to quit and vacate the premises at the expiration of the lease. Defendants also threatened eviction on the basis either of remodelling the premises or that Mr. Rose or Mr. Greenhouse would take the premises for himself.

The question presented is whether the premises are controlled housing accommodations within the meaning of § 204(b) of the Housing and Rent Act of 1947, as amended, and regulations promulgated thereunder. Defendants argue that the premises were leased primarily for a commercial purpose, namely, operation of a rooming house business, and so are not covered by the Act. They contend that because of the commercial aspect of the operation of seventeen-nineteenths of the building as a rooming house, it is therefore exempt from the Act as is any other commercial property. Defendants further point out that relationship of the landlord and the Baldwins as operators is exactly on a par with the relationship of any landlord and tenant of a store or

commercial building inasmuch as operating a rooming house is strictly a business venture. No question is raised as to the right of the Housing Expediter to promulgate rules and regulations pertaining to housing accommodations and rooming houses.

Section 204(b) of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, Chapter 161, Public Law 464, 50 U.S.C.A.Appendix, § 1894(b), provides in part as follows:

"* * * no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended * * *".

Section 202(b) of the Act, 50 U.S.C.A. Appendix, § 1892(b), defines housing accommodations as meaning:

"Any building, structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property."

Section 202(c) defines "controlled housing accommodations" as "housing accommodations" in any defense-rental area with exceptions not pertinent here. The exceptions do not include rooming houses.

Pursuant to authority vested in him by Section 204(c) of the Act, the Housing Expediter issued the Controlled Housing Rent Regulation, 25 C.F.R., 1947 Supp. § 825, which provided for the control of the underlying lease of rooming houses in which 25 or less rooms are rented or offered for rent.

Defendants admit that the Baldwins are renting dwelling accommodations to the roomers and that the regulations are applicable so far as the rent to be paid by the roomers is concerned. However, they contend that since the running of a rooming house business is contemplated by the un-

derlying lease, the right of the Baldwins to continued possession under the terms of the lease is not covered by the Act. To support their position, defendants cite Ridolfi v. Benton, D.C.Mun.App., 58 A.2d 723, and Bonanno v. Bollo, 72 R.I. 278, 50 A.2d 621. It is the opinion of the court that these cases are not dispositive of the issue. In Ridolfi v. Benton, supra, it was held that premises consisting of a barber shop and living quarters were not covered by the District of Columbia Emergency Rent Act, D.C.Code 1940, § 45—1601 et seq., because they were essentially commercial and were never rented or offered for rent for living or dwelling purposes. Bonanno v. Bollo, supra, held that premises rented as a commercial photographer's shop in which the tenant had partitioned off a 10' x 10' living space were not "housing accommodations" within the meaning of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901, et seq.

■ It would seem, from the affidavits filed, that the premises were used for living or dwelling purposes and that they were leased for such purpose. They were not used for a commercial purpose such as a barber shop or commercial photographer's shop as in the cases discussed above. Although operating a rooming house may be a business venture, it is nevertheless an operation for living or dwelling purposes. The decisions under the Act and related statutes make a distinction between premises used for commercial as distinguished from dwelling purposes and those used for dwelling purposes although operated as a business.

In 112 East Thirty-Sixth Street Holding Corp. v. Daffos, Sup., 1st Dept., 273 App. Div. 447, 78 N.Y.S.2d 31, the tenants had leased a building of less than 25 rooms from a former owner and were conducting a rooming house business. The new owner sought possession. It was held, inter alia, that the tenant was protected by the Housing and Rent Act of 1947 since his premises were "housing accommodations" within section 202(b) of the Act.

■ Similar results have been reached under related statutes. In Lovett v. Bell, 30 Cal.2d 8, 180 P.2d 335, the Emergency Price Control Act of 1942 was held applicable to a motor hotel of twelve rooms wherein the tenant lived in two rooms and rented out the other ten. Although under the Housing and Rent Act of 1947 motor hotels are exempt, the case presents an analogous situation. In another case, where tenants-lessees rented an entire building consisting of less than 25 furnished rooms, as housing accommodations, it was held the building was subject to O.P.A. rent regulations. United States Trust Co. of New York v. Schaeffer, 185 Misc. 148, 55 N.Y.S.2d 886. Under the District of Columbia Emergency Rent Act it was held that leased property used and operated by a holdover tenant as a rooming house constituted "housing accommodations" so as to preclude the landlord from obtaining possession for the purpose of continuing the rooming house business, even though the tenant did not personally live in the house, Lingo v. Wolfe, D.C.Mun.App. 37 A.2d 270. The language of the court, 37 A.2d at page 271, is significant.

"To be sure, defendant is operating the establishment as a business, and looks to it to yield her a profit. But that is not the controlling test. That fact alone does not justify the courts in lifting the property out of the realm of housing accommodations, where the law has placed it, and into the unprotected field not covered by the Act."

Although the Act was not intended to protect business interests, the fact that dwelling accommodations are operated in a business fashion does not remove them from coverage of the Act. Moreover, if these premises were exempted from rent control, evasion of the rent ceilings on the rooms might result.

The problem presented for determination implies seemingly anomalous situations; but the court feels that effectuation of the purposes and policies of the Act, and the coincidence of such effectuation with the more impelling legal and logical interpretation of the language of the Act, lead the court to the conclusion that the premises in question were let for and are being used primarily for dwelling purposes.

Plaintiff is entitled to injunctive relief under section 206(b) of the Act, as

amended by the Housing and Rent Act of 1948, § 203, 50 U.S.C.A.Appendix, § 1896 (b).

Let an order be submitted in conformity with the foregoing.