**WEST v. CONRAD et al.**

No. 12194.

United States Court of Appeals
Ninth Circuit.

May 11, 1950.

George W. Manierre and Paul G. Breckenridge, Los Angeles, Cal., for appellant.

Arnold Leader and Leonard Wilson, Los Angeles, Cal., for appellees.

Before BONE and POPE, Circuit Judges, and BLACK, District Judge.

PER CURIAM.

The facts and issues in this case are set forth in our previous opinion, West v. Conrad, 9 Cir., 177 F.2d 252. On remand the trial court made amended findings of fact and conclusions of law to the effect that the premises were actually used for business purposes and not for housing.

In a supplemental brief appellant contends that the finding to this effect [1] is contrary to the evidence and clearly erroneous. After reviewing the record now before us, we cannot say that the finding is without evidentiary support, nor are we "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746. The challenged finding is not clearly erroneous, and under Rule 52(a), 1 Federal Rules of Civil Procedure, 28 U.S.C.A., it must stand. We would not be justified in holding that it does not sufficiently determine the factual issues delineated in our previous opinion herein.

Judgment affirmed.

---

1. "The Court finds that following the making of said lease as heretofore mentioned, the premises were actually used by the plaintiff for business purposes; that is, for the conducting of a business therein and more particularly that said business consisted of plaintiff's conducting therein a rest home for ill and infirm persons or so-called patients of an ambulatory nature which persons were persons requiring nursing and medical care and attention, and the Court further finds that plaintiff did not use said premises primarily for housing or dwelling purposes within the scope of said term as used in the Housing and Rent Act of 1947, or said Act as amended [50 U.S. C.A.Appendix, § 1881 et seq.]."