GROSZ et al., Respondents, v. CONSER, Appellant

(45 N. W.2d 734)

(File No. 9162. Opinion filed January 23, 1951)

John C. Farrar, Rapid City, for Defendant and Appellant.

Geo. A. Bangs, W. A. McCullen and Robert W. Gunderson, all of Rapid City, for Plaintiffs and Respondents.

SMITH, J.   The questions presented in this appeal from a judgment of eviction in an action in forcible entry and detainer arise under the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., which Act functions to control rents and regulate evictions of housing accommodations in defense-rental areas.

The Act includes the following provisions:

"(b)   The term 'housing accommodations' means any building, structure, or part thereof, * * * rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming- or boarding-house accommodations, and other properties used for living or dwelling purposes) * * *.

" (c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

"(1) (A) those housing accommodations, in any establishment which is located in a city of less than two million five hundred thousand population according to the 1940 de-

cennial census and which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service; * * *." § 202(b & c).

"(d) The Housing Expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202(c)." § 204 (d).

Upon the theory that § 202 c (1) (A), supra, is self-executing, and that the accommodations in question, although located in a defense-rental area, are of the character described by that section, and therefore not subject to control by the housing expediter, the plaintiff landlords ignored that administrative officer and brought this action in forcible entry and detainer in the municipal court of Rapid City and prayed for judgment awarding them possession of the premises in question. At the trial the defendant sought a dismissal of the action for the reason that the landlords had failed to effectuate the asserted decontrol of the accommodations by securing a ruling as to their character from the housing expediter. The trial court overruled the motion, held the demised premises to be rented and operated in the business of providing decontrolled housing accommodations as defined by § 202 (c), supra, and therefore not within powers of the named administrative officer, and entered judgment of eviction.

Predicated upon this record the first proposition argued by appellant is "Does the trial court have jurisdiction where plaintiffs fail to resort to administrative proceedings for the decontrol of housing accommodations in a defense rental area?"

■ If administrative proceedings have been instituted, which involve housing accommodations deemed by the owner thereof to be excepted from control of the housing expediter, we understand the rule to be that such owner may not appeal to the courts for relief; he must present the contention that his accommodations are so decontrolled in the

administrative proceedings and exhaust the remedies afforded him by applicable statutes and regulations, before appealing to the courts. Gates v. Woods, 4 Cir., 169 F.2d 440; Babcock v. Koepke, 9 Cir., 176 F.2d 923; Woods v. Ginocchio, 9 Cir., 180 F.2d 484; and Annotation 10 A.L.R.2d 249. This is a rule through which the courts seek to promote efficiency in judicial administration.

■ However, we do not understand that Congress intended by the Act to confide a jurisdiction in the housing expediter to effectuate decontrol of the housing accommodations described as excepted ·from his control by § 202 thereof. It seems reasonable to believe that had Congress intended decontrol to be accomplished by admistrative proceedings, it would have set up such a procedure or it would have commanded the expediter to do so by regulations, and it would not have employed such explicit words in phrasing the provisions dealing with exception from control. By clear and unambiguous words the Act by § 202 declares certain housing accommodations to be expected from the control of the expediter. In our opinion that section is self-executing, and administrative procedure is not necessary to effectuate decontrol. Koepke v. Fontecchio, 9 Cir., 177 F.2d 125, 128. In that case, Judge Gardner wrote, "As the statute specifically excluded the accommodations here considered, it was self-executing. * * * The regulations have no bearing upon the issue here presented and the Act provides no administrative remedy where the question is, as here, a question of decontrol. * * *"

■ The housing expediter has not sought to exercise control over the premises involved in this litigation. Whether those premises are of the character excepted from his control is a judicial question. Woods v. Benson Hotel Corporation, 8 Cir., 177 F.2d 543. That question arises here in litigation between the landlord and tenant. We do not doubt the power of Congress to withhold that question from the competency of our state courts. Cf. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. However, neither the words of the Act nor the decisions which have come to our attention indicate that Congress intended to

deny our courts such a jurisdiction. Therefore, we conclude that the trial court did not err in overruling the objection of defendant to its jurisdiction.

The remaining question argued by the tenant is "Are the premises in dispute decontrolled?" A brief statement of facts is essential to an understanding of the basis of the tenant's contention.

The second floor of the building at 715 Main Street, Rapid City, South Dakota, is the property in question. The landlords hold a lease on the entire building, operate a bar on the first floor, and rent the second floor as a unit to defendant. The second floor has a separate entrance and is divided into ten rooms. Defendant has furnished and equipped all of the rooms. She lives in two of them, and rents the other rooms on a daily-rate basis. She maintains a register, supplies the rooms with linen and keeps them clean, and renders all of these services to her guests without hiring help. A sign is maintained describing the establishment as "Rose Hotel."

Defendant was in possession of the second floor on a month-to-month basis when the landlords leased the building. She has carried on her operations there since 1939. After plaintiffs took over they gave her more than thirty days' notice of an increase in the amount of her monthly rent, and when she refused to pay the added amount, gave her notice to quit. Defendant tendered the original amount of rent. Thereafter this action was instituted.

It is the contention of defendant that the trial court resolved the issue of decontrol on the basis of housing accommodations defendant rented to her guests, and that the issue should have been determined with reference to the accommodations defendant rented from plaintiffs, viz., the whole second floor. Because she occupies two rooms of the space for her personal use, and all of the space is rented for living purposes, she contends the premises as a whole are controlled housing accommodations.

■ We understand the view of the trial court to be that the second floor of the described building was rented and operated as a business and hence was not within the con-

trol of the expediter. It reasoned that the predominant purpose of the whole operation of the second floor was to supply decontrolled hotel accommodations to defendant's guests, and that the occupancy of a minor portion of the demised premises as the private living quarters of defendant constituted but an inseparable incident of that business. We share the trial court's view.

Obviously the Congress did not intend by the Act to control or regulate the rents charged for business accomodations. West v. Conrad, 9 Cir., 177 F.2d, 252 Id., 9 Cir., 182 F.2d 255; Woods v. Rosefay Corporation, D.C., 80 F.Supp. 357; Bonanno v. Bollo, 72 R.I. 278, 50 A.2d 621. In furtherance of the letter and spirit of the Act, we think it would be reasonable to hold that the underlying rent of one who rents a building and engages in the business of supplying others with controlled housing accommodations is subject to the control of the housing expediter. Such was the holding in Woods v. Rosefay Corporation, supra, and of the cases cited therein. In our opinion those cases are not of controlling force in the circumstances we are considering. Defendant, according to the finding of the trial court, is engaged in the business of supplying "housing accommodations" which are excepted from the control of the housing expediter. We can perceive no more reason for thinking Congress intended to control defendant's rent and occupancy in such circumstances than in a case where the demised space is rented and operated for a commercial purpose which involves, as an almost indispensable and inseparable incident thereof, the occupancy of a small portion of the space as the living quarters of the proprietor. Cf. Bonanno v. Bollo, supra.

We hold that the housing expediter's administrative powers do not extend to the rent charged for, nor to the occupancy of, the demised premises.

The judgment of the trial court is affirmed.

All the Judges concur.