## HOHENSEE v. MANCHESTER.
### No. 1238.

Municipal Court of Appeals for the District of Columbia.

Submitted July 16, 1952.

Decided Aug. 5, 1952.

Ervin Hohensee, pro se.

Jacob N. Halper and Milford F. Schwartz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal by a tenant from a judgment for possession in favor of his landlord. The basis of the suit was a notice to quit, it being alleged that the rented premises were not used as housing accommodations but were used for commercial purposes. If this were true, the premises were not subject to the District of Columbia Emergency Rent Act.[1] The defense, however, was that the premises were used as housing accommodations and therefore subject to the rent act. The very brief record on appeal[2] discloses that the premises, described as the entire top floor of a Connecticut Avenue building, were rented to the tenant in 1948 and he has been in possession since that time. The lease provided that the premises should not be used for any purpose other than an office. The present landlord, to whom the lease was assigned sometime after its execution, testified that she did not learn that the premises were being used as housing accommodations until December 1951, approximately three months before suit was filed. The rental agent testified that he learned of the use as housing accommodations six months after the tenant took possession, but he never gave permission to the tenant for such use. The tenant testified that about six months after execution of the lease the rental agent gave him permission to live on the premises and that he had lived there continuously since then.

The trial court made no findings of fact but entered a general finding for the landlord. On the basis of the record before us, the trial court would not have been justified in finding that the premises were not used as housing accommodations. Nor could the trial court properly find that the landlord did not know of such use though it could have found that express consent to such use was not given. On the record we must assume that the trial court found in favor of the landlord on the basis that the premises were rented for use as an office and were therefore not subject to the rent act and that the actual use of the premises was not material. If this was the basis of the court's ruling it was erroneous. In White v. Allan, D.C.Mun.App., 70 A.2d 252, this court ruled that the use of the premises determines whether the rent act applies and that actual use as housing accommodations governs the applicability of the rent act even though the lease indicates a different use intention. It was further held there that although a tenant may not at will commit his landlord to a use not intended by the landlord, nevertheless if the tenant, contrary to a lease provision, uses the premises for housing accommodations with the knowledge of the landlord who thereafter continues to accept rent, then the actual use is the determining factor and not the intent expressed in the lease.

Under the doctrine of White v. Allan it was error on the facts disclosed by the record here to find for the landlord. However, one feature of the case was not developed. The tenant testified that he lived in the premises, but did not testify that the entire premises were used by him solely for living quarters. His brief indicates that a part of the premises were used by him for office purposes. Where a rental unit has a dual character, housing and commercial, the question arises which use controls with respect to applicability of the rent act. We have touched on this subject in cases dealing with severability of the commercial and housing portions of rented premises. See Bellmore v. Baum, D.C.Mun. App., 68 A.2d 588; Ridolfi v. Benton, D.C. Mun.App., 58 A.2d 723. No one contends that the premises here involved are severable and the record completely lacks any description of the premises, its space, the number of rooms, the facilities, etc. If a

1. Code 1940, Supp. VII, 45–1601 et seq.

2. Appellant attached to his brief three documents. Two of them purported to be copies of letters to him from appellee's attorney. The third purported to be copy of a statement filed by appellee with the Administrator of Rent Control. Appellant concedes that the last named paper was not offered in evidence below and the record does not indicate that the first two papers were offered in evidence. Consequently, we give no consideration to these papers.

832

rental unit is used for both housing and commercial purposes and is not subject to severability, then either the commercial or housing use must be given precedence. Which is the predominant or controlling use is a question of fact. The ultimate question is whether the use as housing accommodations is the primary use or whether it is merely incidental to the commercial use. See our decision in Weinstein v. Rodger Corp., Inc., D.C.Mun.App., 90 A.2d 827. See also the following cases under the Federal rent law: West v. Conrad, 9 Cir., 177 F.2d 252, Id., 9 Cir., 182 F.2d 255; Skendzel v. Rose Manor Realty Co., D.C. E.D.Wis., 80 F.Supp. 619; Woods v. White-house, D.C.W.D.N.Y., 83 F.Supp. 268; Woods v. Graf, D.C.N.D.N.Y., 84 F.Supp. 893; Bonanno v. Bollo, 72 R.I. 278, 50 A.2d 621.

It is clear from the record that no evidence was introduced either to establish or refute the primary use of the premises for one purpose or the other. This issue will have to be determined on a new trial.

Reversed with instructions to grant a new trial.