**KELLEY v. HINNANT.**

Nos. 1342, 1343.

Municipal Court of Appeals for the
District of Columbia.

Argued May 11, 1953.

Decided June 17, 1953.

Leonard C. Collins, Washington, D. C.,
for appellant.

Robert J. Harlan, Washington, D. C.,
with whom John D. Fauntleroy, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Consolidated for trial were two actions,
one brought by a landlord for non-payment
of rent, and the other brought by the tenant against the landlord under the Rent
Act for double the amount of alleged rent
overcharges. The trial judge decided both
cases against the landlord, who now appeals.

The evidence was that the tenant moved
into the house in January, 1952, and paid
$100 for eleven months. On January 1,
1941, the original statutory freeze date, the
rent was $50 per month, and there was no
evidence that any increase had been approved by the Rent Administrator. Landlord's position was that the property was
not subject to control because of an amendment to the Rent Act, Code 1951, Supp. I,
§ 45–1611, which exempts "any building
used as a licensed rooming house." Landlord introduced a lease which specifically
provided that: "It is an express condition
of this lease, that the lessees shall operate
this property as a licensed rooming house."

There was no evidence by either
party as to whether the tenant was operating a rooming house on the premises. Tenant did say, after stating his name by way
of identification, that he lived at that address. But that answer did not even purport to establish that the house was being

**340**

used for his own dwelling and not for a rooming house business. It is common knowledge that many rooming house operators live on the premises in order to better supervise their business or for reasons of personal convenience.

■■ We have held that it is the actual use of the premises, together with landlord's knowledge of or acquiescence in such use, that determines whether or not the decontrol provisions apply. Hohensee v. Manchester, D. C. Mun.App., 90 A.2d 830, and cases there cited. We have also held that the burden rests on the landlord to prove that the building is within a decontrolled exception. Bernstein v. Lime, D.C. Mun.App., 91 A.2d 841. There we affirmed a judgment based on a jury verdict in favor of a tenant. But in that case the tenant came forward with affirmative proof that the property was not being used as a rooming house but was a "tenement house"— a type of tenancy still subject to rent control.

■ In this case the tenant made no attempt to prove that the property was being put to any different use than that prescribed in the lease. Hence there was no evidentiary support for the court's finding. Under the circumstances the case must be remanded for a new trial so that the basic issue may be developed by testimony.

■ We must also hold that it was wrong to enter judgment for defendant in the suit for possession, for he had admittedly paid no rent for the month ending January 10, 1953.

Judgments reversed, with instructions to award a new trial.