ENRIQUE BLANCO ROJO, Petitioner and Appellee, *v.* ECONOMIC STABILIZATION ADMINISTRATION, Defendant and Appellant; VÍCTOR NEGRÓN LÓPEZ, Intervener.

Nos. CE-66-61,     Decided June 6, 1968.
CE-66-64.

*Peñagarícano & Lloveras* for Víctor Negrón López. *Miguel Franquiz Ventura, Eduardo A. Ruiz, Mercedes Dolz Pérez,* and *Everilda Rodríguez Mejías* for the Economic Stabilization

Administration of Puerto Rico. *Nieves M. Agostini Torres* and *Carmen B. Hernández* for Enrique Blanco Rojo.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

It is amazing how a public officer seeks to exercise a rule making power of which he had been deprived by law six months before.

As it is known, in our code of laws the general rule is freedom of contract. In the field of rents, as it has been necessary to do in other matters also, the Legislature of Puerto Rico, for reasons of public policy, decreed some exceptions to said general rule in approving the Reasonable Rents Act.[1] From the approval of that Act in 1946 to June 19, 1964, all premises for rent in Puerto Rico which were not covered by the (federal) Emergency Price Control Act of 1942 were under the protection of the Economic Stabilization Administration, formerly, Office of Price Administration. On June 19, 1964, Act No. 67 was approved in Puerto Rico, which act amended several sections of our Reasonable Rents Act and introduced important modifications thereto. One of these modifications is contained in the new section 4, as amended in 1964, whose subdivision (b) provides now that:

"The provisions of this act shall not apply to the following properties: . . . To any rental unit with a monthly rent of $200.00 or more when same is used as dwelling, and with a monthly rent of $400 or more when used for business, industry, professional offices, or for social and recreation purposes."[2]

---

[1] For the reasons of public policy referred to, see the Statement of Motives of said Act, 17 L.P.R.A. § 181. Section 1 of Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326).

[2] Section 4(b)(4). 17 L.P.R.A. § 184(b)(4).

. The facts of this case are the following. On November 1, 1963, Enrique Blanco Rojo (landlord) leased by contract to Víctor Negrón López for a term of ten years some commercial premises located on 1505 Roosevelt Avenue, Río Piedras, Puerto Rico, for a monthly rent of $550. Some months later, on January 9, 1964, the tenant requested the Economic Stabilization Administration to reduce said rent. That month, on January 30, 1964, the Economic Stabilization Administrator fixed a temporary maximum monthly rent of $550 to said premises, which rent would govern until the same would be determined by a final order.

On June 18, 1964 the Administrator signed a notice entitled "Rent We Intend to Fix" by virtue of which he informed the parties that the Administration intended to fix to the unit in question a maximum monthly rent of $183.50, effective on January 30, 1964.[3] So that on that date, June 18, 1964, there did not exist a final or permanent rent fixed by the Economic Stabilization Administration for those premises but only a temporary maximum monthly rent of $550 and a notice that the Administration intended to fix—but had not—a monthly rent of $183.50.

The notice in question informed the parties that if they did not agree with the proposed rent they should address the Administrator in writing within a term of ten days. If they failed to do so, they were informed, "the Administration shall issue a final order in conformance with this notice." Thus, the day after the Administrator had signed the aforesaid notice, Act No. 67 of June 19, 1964 went into

---

[3] We assume that this determination entailed the landlord's obligation to refund to the tenant the balance up to $550 monthly for the four and a half months between January 30 and June 18 of that year. The reasonability of this is questionable since it was not a violation of an order of the Administration but it was a question of a commercial rent freely agreed upon by both parties and temporarily authorized by the Administrator himself by his order of January 30, 1964.

effect, since it was to become effective immediately. This is the act which expressly and clearly provided that the provisions of the Reasonable Rents Act do not apply to rental units for commercial purposes with a monthly rent of $400 or more. Within the aforesaid term of 10 days, on June 24, 1964, the landlord filed with the Administrator a "Petition for Discontinuance of the Administration Proceedings and Dismissal of the Cases" in view of the provisions in the aforecited new § 4(b)(4) of the Reasonable Rents Act, as amended on June 19 of that year. The Administrator denied that petition.

Six months after said Act No. 67 was in effect, the Economic Stabilization Administrator applied the provisions of the Reasonable Rents Act to the rental unit in question here and by his order of January 20, 1965, entitled "Order Fixing Maximum Rent," reduced the monthly rent of said premises from $550 to $183.50. From that act of the Administrator the landlord appealed to the Superior Court, San Juan Part. The court reversed the Administrator and decided that Act No. 67 of 1964 divested the Administrator of jurisdiction to intervene with the rental unit herein involved.

From that decision of the Superior Court, the Economic Stabilization Administrator and the tenant appealed to this Court. They maintain, in essence, that the provisions of Act No. 67 of 1964 do not apply to this case in particular, and that the provisions of said Act in amending § 4(b)(4) of the Reasonable Rents Act do not operate as a matter of law. They also argue that the tenant had a vested right which could not be prejudiced by Act No. 67.

In a case not identical with but similar to the instant case, in which premises used as dwelling were involved which prior to the enforcement of Act No. 67 had been leased for a monthly rent of $250 and to which the Administrator fixed a rent of $140.15 in March 1965, we practically decided,

adversely to appellants, the first two above-mentioned contentions; these are, that Act No. 67 does not operate as a matter of law and that it is not applicable to the case in question because it was pending in the Administration when Act No. 67 went into effect. In said case *Widow of Hernández* v. *Pérez Colón, Admr.*, 94 P.R.R. 773 (1967), we expressed ourselves as follows:

". . . We conclude, therefore, that the exempting provision of § 4 of the Act operates as a matter of law once it is determined that the rental unit complies with the requirements of exemption. [Monthly rent of $200 or more in dwellings and of $400 or more in commercial premises.] The fact that said unit would have been subject to the control of the Administrator prior to June 19, 1964, effective date of the exempting provision, [Act No. 67 of that date] in no way alters the result inasmuch as the Administrator did not take any action as to the same prior to that date. . . ."

This is so because the determination of whether or not rent control shall exist is a determination of public policy which the Legislature should decide and not the courts of justice or the Economic Stabilization Administrator. Under the same power with which the Legislature decreed in 1946 an almost complete rent control, in 1964 it determined that the rental units with a monthly rent of $200 or more when used as dwellings, and the commercial premises with a rent of $400 or more shall not be under the control and regulations of the Economic Stabilization Administration. We cannot see how the Administrator of said agency can dispute to the Legislature which approved the act and his immediate superior, the Governor, who signed it, the power of making such determinations of public policy. The letter of Act No. 67 is explicit and clear and it does not set forth as a condition for its enforcement the use of any discretion on the part of the Economic Stabilization Administration nor the filing of any proceeding before said office. The law itself

having no conditions, the Administrator cannot impose them.[4] In the same sense in which we are deciding herein, and rent control being involved also, see *Grosz* v. *Conser*, 45 N.W.2d 734 and *Woods* v. *Benson Hotel Corporation,* 177 F.2d 543.

· The Secretary of Justice of Puerto Rico was right when in his opinion of August 6, 1965, addressed to the Administrator of Economic Stabilization, and requested by the latter, which deals with § 4(b)(4), the one involved herein, he stated as follows to the Administrator:

"On the basis of the foregoing, I am of the opinion that the exemption provided in § 4(b)(4) of the Reasonable Rents Act operates as a matter of law. Consequently I believe that the Economic Stabilization Administrator lacks power to revise, increase or reduce the rentals agreed upon by the parties in that case. . . ."

"In the absence of any legislative statement to the contrary, I believe that the aforementioned exemption covers any rental unit, the agreed rent of which surpasses the amounts provided by law, irrespective of the date on which the lease contract was entered into. In other words, any rental unit, under the stated circumstances, is not subject to the control of the Economic Stabilization Administration after June 19, 1964, effective date of Act No. 67."

■ The contention as to vested right lacks merit. All that the Administration had determined prior to the effectiveness of Act No. 67 of 1964, boils down to two things: a determination of a *temporary* maximum monthly rent of $550 and a notice that the Administration *intended* to fix a rent of $183.50. The tenant had not acquired any property or contractual right which could be protected by the doctrine of the vested right. Nor was there any final or definitive order of the Administration on that point. There were two

---

[4] See what we have said on the nonexistent faculty of public officials of decreeing legislation in *Castle Enterprises* v. *Registrar*, 87 P.R.R. 738, 743 (1963).

expressions only, neither of which was final, and which expressions depended on a future determination.[5]

The errors assigned were not committed. The judgment rendered in these cases by the Superior Court, San Juan Part, on November 10, 1966, will be affirmed.

Mr. Justice Dávila concurs in the result.

[5] For cases on vested right in support of our decision herein, which are too numerous to be cited, see annotation in footnote 3 of § 2044 in I Sutherland, Statutory Construction 527, 3d ed. See also authorities cited in Black, Law Dictionary 1735, 4th ed.