**RAPID CITY AREA SCHOOL DISTRICT No. 51–4, a political subdivision of the State of South Dakota, Plaintiff and Appellee,**

v.

**Peter de HUECK (# 13619), Defendant and Appellant,**

**and**

**Marson Beer (# 13620), Intervenor and Appellant.**

**Nos. 13619, 13620.**

Supreme Court of South Dakota.

Argued May 19, 1982.

Decided Sept. 22, 1982.

Rehearing Denied Oct. 27, 1982.

**422**

Thomas E. Simmons of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellee.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for defendant and appellant Peter ·de Hueck; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Linda Lea M. Viken of Finch and Viken & Viken, Rapid City, for intervenor and appellant Marson Beer.

MORGAN, Justice.

This is an appeal from an order granting a peremptory writ of prohibition restraining the South Dakota Department of Labor (Department) from proceeding with a grievance against the Rapid City School Board (Board) filed by Marson Beer, appellant (Beer). We reverse and remand.

Beer, a school teacher for the Rapid City School District, Rapid City, South Dakota, received a contract for the 1981–82 school year increasing the number of classes that he was to teach. Beer commenced this action as an administrative procedure by filing a grievance with the Department alleging that the Board had violated its own instructional load policy. Peter de Hueck, appellant, Director of the Division of Labor and Management (Director), proceeded to notify the Board of the grievance and the time period within which to file an answer. Thereafter, without exhausting the administrative remedy, Board went into circuit court seeking to restrain Director from proceeding with the grievance, alleging that the instructional load policy was nonnegotiable and therefore nongrievable. The circuit court issued the peremptory writ of prohibition and this appeal resulted.

 We are required to examine the propriety of the circuit court granting the writ of prohibition. Under the doctrine of separation of powers, an administrative agency, a branch of the executive department is empowered to determine its own jurisdiction. *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Schwartz, *Administrative Law* § 177, 507 (1976). Courts may not interfere except on appeal or in cases of extraordinary factual situations. *Myers v. Bethlehem Shipbuilding Corp., supra; Gottschalk v. Hegg,* 89 S.D. 89, 228 N.W.2d 640 (1975); *Mordhorst v. Egert,* 88 S.D. 527, 223 N.W.2d 501 (1974). In *Mordhorst,* we did not require exhaustion of administrative remedies where the procedures clearly breached the due process clause requirement of fundamental fairness. *Gottschalk,* 228 N.W.2d at 643. In *Gottschalk,* however, where no such extraordinary situation existed, we followed the general rule requir-

ing exhaustion of administrative remedies. Similarly, in the instant case, no such extraordinary situation exists to justify interference with the administrative process.

Further, a writ of prohibition may be issued only "where there is not a plain, speedy, and adequate remedy in the ordinary course of law." SDCL 21–30–2. The appellate process satisfies this requirement in circumstances where no extraordinary situation exists; otherwise, all administrative appeals would be subject to injunctive interference. Since here, there is a plain, speedy and adequate remedy, the trial court erred in granting the writ of prohibition. The writ must be dissolved to enable the Department to proceed with the administrative procedures.

The remaining issues addressing the subject matter jurisdiction of the administrative agency are not properly before us until the administrative agency has acted thereon.

We remand with instructions to dissolve the writ of prohibition.

All the Justices concur.