**Dr. David ZAR, Plaintiff and Appellee,**

v.

**SOUTH DAKOTA BOARD OF EXAMINERS OF PSYCHOLOGISTS, Defendant and Appellant.**

**No. 14732.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1985.

Decided Oct. 30, 1985.

Gerald L. Reade of Brady, Kabeiseman, Reade & Johnson, Yankton, for plaintiff and appellee.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on briefs.

WUEST, Acting Justice.

This is an appeal from an order restraining the South Dakota Board of Examiners of Psychologists (Board) from further proceedings regarding the discipline of Dr. David Zar (Zar) for alleged unprofessional conduct. We reverse and remand.

On September 22, 1983, Board sent notice of formal action and hearing to Zar, a psychologist licensed to practice in South Dakota. The notice informed Zar that the Board had voted to hold a formal hearing to determine whether his license should be suspended, revoked or cancelled for alleged violations of the "Ethical Principles of Psychologists." Dr. Zar sought injunctive and declaratory relief from the circuit court, arguing that the administrative rules containing the "Ethical Principles of Psychologists," cited as A.R.S.D. 20:60:07:01, were adopted improperly and were therefore of no force and effect. Specifically, Zar contends that although SDCL 1–26–4(3) of our

Administrative Procedures Act requires that notice of a hearing to adopt administrative rules shall be published in the manner prescribed by SDCL 1-26-4.1, the controlling statute for notice requirements is SDCL 17-2-18.[1] It is undisputed that the latter statute was not followed; and, therefore, Zar urges the ethical rules are invalid and the Board is without jurisdiction in the matter. The trial court agreed and issued a peremptory writ of prohibition preventing the Board from continuing the disciplinary hearing. The Board appeals from the trial court's final order.

The doctrine of exhaustion of remedies is at issue in this action. "[E]xhaustion of remedies is broadly stated as the withholding of judicial relief on a claim or dispute cognizable by an administrative body until the administrative process has run its course." *Gottschalk v. Hegg*, 89 S.D. 89, 92, 228 N.W.2d 640, 642 (1975), *citing Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1939); *Mordhorst v. Egert*, 88 S.D. 527, 223 N.W.2d 501 (1974); *Grosz v. Conser*, 73 S.D. 553, 45 N.W.2d 734 (1951). "The exhaustion principle divides largely into two doctrines, (1) exhaustion of administrative remedies and (2) primary jurisdiction." *Gottschalk*, 89 S.D. at 93, 228 N.W.2d at 642. We distinguished these doctrines in *Mordhorst, supra,* stating:

> The exhaustion of remedies doctrine is primarily concerned with the timing of the judicial review of administrative action. 2 Am.Jur.2d, Administrative Law, § 595. It is to be distinguished from the doctrine of primary jurisdiction; application of the latter doctrine determines whether the court or the agency should make the initial determination. *Far East Conference v. United States*, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576; Davis, Administrative Law Treatise, § 19.08.

*Mordhorst*, 88 S.D. at 531-32, 223 N.W.2d at 504.

In the present case, both doctrines are involved—primary jurisdiction because the notice required for the adoption of administrative rules is in question, and exhaustion of remedies because of the action already taken by the Board in the disciplinary proceedings. We note that the subject matter jurisdiction of the circuit court is not at issue; "rather, the question is one of priority or timing of judicial review." *Gottschalk*, 89 S.D. at 93, 228 N.W.2d at 642 *(citing Apgar Travel Agency v. International Air Trans. Ass'n,* 107 F.Supp. 706 [S.D.N.Y.1952]; Davis, Administrative Law Treatise, § 20.01).

■ We are called upon to examine the propriety of the circuit court granting the writ of prohibition. The circuit court determined it should make the initial decision as to whether the Board lacked jurisdiction to discipline Zar because of the alleged invalidity of the ethical rules involved. We disagree. In *Rapid City Area School Dist. v. de Hueck*, 324 N.W.2d 421, 422 (S.D.1982), we cited the United States Supreme Court's decision in *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), for the proposition that "[u]nder the doctrine of separation of powers, an administrative agency, a branch of the executive department is empowered to determine its own jurisdiction."

In *Myers*, the question for decision was whether a district court had equity jurisdiction to enjoin the National Labor Relations Board (NLRB) from holding a hearing upon a complaint filed against an employer alleged to be engaged in unfair labor practices. The employer argued that it was not engaged in interstate or foreign commerce and that the NLRB was therefore without jurisdiction over it. The Supreme Court addressed the employer's claim that a hearing would subject it to irreparable dam-

---

1. SDCL 17-2-18 provides, in pertinent part:

Unless the context otherwise plainly requires, whenever publication is directed by a statute ... for a stated number of days or for not less than a stated number of days before or after the event to be noticed, it shall mean the publication ... at least once a week for two consecutive weeks where the stated number of days is eleven or more and only the first publication must be made prior to the stated period of time.

ages, and that constitutional rights would be denied unless the hearing was enjoined, stating: "The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers*, 303 U.S. at 50–51, 58 S.Ct. at 463, 82 L.Ed. at 644. For a contrary view of *Myers, see Ward v. Keenan*, 3 N.J. 298, 70 A.2d 77 (1949).

■ Our decision in *de Hueck, supra*, is consistent with this principle as set out in *Myers, supra*, and exemplifies our preference for use of the appropriate statutory machinery in all but extraordinary factual situations. We found the existence of such an extraordinary situation in *Mordhorst, supra*, where a clear breach of fundamental fairness was shown by a predetermination of guilt and the combination of prosecutorial and judicial functions.[2] That type of factual setting does not exist in the instant action and we find the alleged due process deprivations of little merit. Moreover, "[t]he presence of a constitutional question is not sufficient in itself to defeat the exhaustion principle." *Gottschalk*, 89 S.D. at 94, 228 N.W.2d at 643 *(citing Public Utilities Com. v. United States*, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470, *reh. denied* 356 U.S. 925, 78 S.Ct. 713, 2 L.Ed.2d 760 (1958); 2 Am.Jur.2d Administrative Law § 603 (1962)).

Finally, while it is not encumbent upon us to decide the issue at this juncture, we are of the opinion that the controlling notice statute in the instant action is SDCL 1–26–4.1 and not, as the trial court held, SDCL 17–2–18. With the adoption of SDCL ch. 1–26, our Administrative Procedures Act, the legislature dealt comprehensively with the adoption of administrative rules. SDCL 1–26–4.1 deals specifically with the notice requirements for the adoption of administrative rules, while SDCL 17–2–18 is general in nature. "The terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Clem v. City of Yankton*, 83 S.D. 386, 402, 160 N.W.2d 125, 134 (1968). Accordingly, we reverse the decision of the trial court and remand the case with instructions to the trial court to permit the South Dakota Board of Examiners of Psychologists to proceed. Further, we deny the Board's claim for attorney fees.

All the Justices concur.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.

---

**2.** We upheld the trial court's refusal to apply the exhaustion principle in *Mordhorst v. Egert,* 88 S.D. 527, 223 N.W.2d 501 (1974), because: (1) the State Board of Examiners in Optometry set hearings on charges of unprofessional conduct against four optometrists, which hearings were never held or rescheduled; (2) the complainant admitted that he had no personal knowledge of the specific charges and had made no effort to verify the complaints; (3) he further admitted that he executed the instruments at the request of those attending a meeting of the directors of the South Dakota Optometrists Association; (4) the guilt of the accused optometrists was agreed upon by those present, which included both officers of the Association and members of the Board of Examiners; and (5) the complaints had been prepared by the attorney who served as counsel for both the Association and the Board.