CITY OF FORT PIERRE, a Municipal Corporation of the State of South Dakota, Plaintiff-Appellant,

v.

Donald VAN NESS, Marvin Olson, W. E. Hedman, Joe Schomer, Gerald Sylva and Phyllis Kenzy, Individually and as the Board of Equalization for Stanley County, and County of Stanley of the State of South Dakota, Defendants-Respondents.

No. 12348.

Supreme Court of South Dakota.

Argued Feb. 16, 1978.

Decided April 27, 1978.

Charles Poches, Jr., Fort Pierre, for plaintiff-appellant.

Bernard E. Duffy, Stanley County State's Atty., Fort Pierre, for defendants-respondents.

MORGAN, Justice.

This is another case involving the assessment of agricultural land that arose when the county commissioners of Stanley County sitting as a Board of Equalization (Board) reduced the valuation on all agricultural land by thirty percent across the board. The city of Fort Pierre (City), which is located entirely within the borders of Stanley County, commenced an action against the county and the members of the Board, individually and as a board, by service of a summons and complaint, in which action it prayed for declaratory judgment as to the propriety of the Board's action, for injunctive relief and for an award of attorney fees, costs and disbursements.[1] The Board moved to dismiss the complaint on three principal grounds: (1) failure to state a cause of action for which relief may be granted; (2) the City was without standing to sue; and (3) that if the City had any cause of action it has failed to exhaust its statutory remedies by appeal from the decision. The trial judge determined that

> [T]he Complaint does not state a claim upon which relief can be granted in that SDCL 10–11 provides for appeal from decisions of the County Board of Equali-

---

1. The prayer for fees, costs and disbursements was against only the Board members who had voted in favor of the reduction.

zation as opposed to the commencement of a declaratory judgment action in resolving disputes as to the true and full value of property, and that the issues presented by the Complaint are not in all respects properly before this Court, and therefore the Motion to Dismiss is in all respects granted, and the Complaint in this action is held for naught.

We affirm the action of the trial judge.

The legislature mandates that an appeal from the actions of a county board of equalization shall be in one of two alternative forms, either an appeal to the State Board of Equalization[2] or an appeal to the circuit court.[3] Appeal to the circuit court is required to be taken in the same manner and upon the same conditions and terms as other appeals may be taken from decisions of the board of county commissioners. This procedure requires, among other things, the giving of a written notice of appeal to one of the members of the board of equalization and the filing of a bond to be approved by the county auditor.

It is obvious, from the reading of the record, that the City did not attempt to comply with this statute. The writing served on the members of the Board was denominated as a complaint asking for declaratory judgment or injunctive relief and for an award of reasonable attorney fees, disbursements and costs to be assessed against the members of the Board who had voted in favor of the reduction. To read this document as a notice of appeal one would have to strain credulity. If, as the City argues, we could consider the portion thereof praying for declaratory judgment as satisfying the requirements for a notice of appeal, this reading would be negated by the prayer for injunctive relief and a prayer for award of costs.

Most telling, however, of the City's intent to start an action without exhausting its appellate remedies is the fact that the complaint was served with a summons, which is the process ordinarily necessary to give the court jurisdiction and which would be wholly unnecessary under the appellate procedures. Furthermore, counsel for the City, as he admitted at oral argument, wholly failed to comply with the statutory requirement of the filing of a bond to be approved by the county auditor. We hold, therefore, that he did in fact commence an action without exhausting his administrative remedies of appeal and the Board is entitled to dismissal as a matter of law.[4] As we read the order of the trial judge it appears to us that this was the basis for the entry of his order.

Having determined the correctness of the trial court's action on the grounds of failure to exhaust administrative remedies, we need not, and do not, consider the question as to whether or not the City had standing to prosecute any action or appeal.

All the Justices concur.

---

2. SDCL 10–11–43.

3. SDCL 10–11–44.

4. *Gottschalk v. Hegg,* S.D., 228 N.W.2d 640 (1975); *Mordhorst v. Egert,* 88 S.D. 527, 223 N.W.2d 501 (1974).