**HOMESTAKE MINING COMPANY, a California Corporation, Appellant and Cross-Respondent,**

v.

**BOARD OF ENVIRONMENTAL PRO-TECTION and the Department of Environmental Protection, State of South Dakota, Respondents and Cross-Appellants.**

Nos. 12705, 12706.

Supreme Court of South Dakota.

Argued Jan. 21, 1980.

Decided March 12, 1980.

A. P. Fuller of Amundson & Fuller, Lead, John C. Kapsner of Kapsner & Kapsner, Bismarck, for appellant and cross-respondent.

Lawrence W. Kyte, Asst. Atty. Gen., Pierre, for respondents and cross-appellants; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HEEGE, Circuit Judge.

Homestake Mining Company (Homestake) owns and operates a gold mine and milling operation in the Black Hills of South Dakota. It discharges waste water containing tailings, heavy metals, and suspended solids into Gold Run Creek, a tributary of Whitewood Creek, which passes its Lead-Deadwood plant.

The State Environmental Protection Board (Board) has adopted rules designat-

ing Whitewood Creek as a cold water fishery stream.[1] Homestake appeared before the Board to protest these rules claiming the rules were improperly adopted. Homestake's protest was unavailing.

Thereafter, Homestake appealed to the circuit court under the South Dakota Administrative Procedures Act, SDCL 1–26–30.[2] Homestake argued that SDCL 1–26–30 authorizes this method for judicial review of the validity of administrative rules. The circuit court concluded that review under this statute was proper and held that one of the Board's rules was invalid.[3] The Board appeals from that ruling.[4] We reverse.

We hold there is no appeal contemplated by SDCL 1–26–30 to question the validity of a rule of an administrative agency. We further hold that the correct procedure for bringing before the court the question of the validity of a rule is that specified in SDCL 1–26–14.[5]

In 1977, the South Dakota Legislature amended SDCL 1–26–30.[6] The 1977 Legislature changed the first portion of the statute from "[a] person who has exhausted all administrative remedies available within the agency *and* who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter" to read "[a] person who has exhausted all administrative remedies available within *any* agency *or a party* who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." (emphasis supplied). We hold that the 1977 legislative amendment to SDCL 1–26–30 was not intended to authorize appeals that question rules adopted by administrative agencies in other than contested cases. We need not decide what changes in procedure, if any, were wrought by that amendment except to say we are convinced it does not contemplate an additional procedure for a wholesale attack on the validity of administrative rules through an appeal process.

There is yet pending before the circuit court a declaratory judgment action, SDCL 1–26–14, in which Homestake does attack the validity of the Board's rules. This matter is remanded to the circuit court for further proceedings with respect to that action. In the declaratory judgment action, the Board may supplement its administrative record with additional evidence. The circuit court should decide whether Homestake can establish that such rule is arbitrary or capricious and "interferes with or impairs, or threatens to interfere with or

---

1. South Dakota surface water quality standards were originally codified in the 1974 Administrative Rules of South Dakota as Chapters 34:04:02 through 34:04:04. In 1975 the Board of Environmental Protection (Board) amended its surface water quality standards by modifying the classification for a portion of Whitewood Creek. *See* ARSD 34:04:04:09 (1977 Supp.). The amendment to ARSD 34:04:04:09 changed the designated beneficial use of Whitewood Creek from a cold water permit fishlife propagation water to a cold water marginal fishlife propagation water in the area from Highway I–90 to the northern Deadwood city limits. On October 28, 1977, the Board again amended certain rules in ARSD 34:04:02 through 34:04:04.

2. SDCL 1–26–30 states in part:
   A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

3. ARSD 34:04:02:14 was said to be invalid because there was no basis in the administrative record to support it.

4. In view of our reversal in the Board's appeal (# 12705), we need not reach the merits of Homestake's appeal from other rulings of the trial court with respect to certain of the Board's regulations (# 12706).

5. SDCL 1–26–14 states:
   The validity or applicability of a rule may be determined in an action for declaratory judgment in the circuit court in and for the county of the plaintiff's residence, if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

6. 1977 S.D.Sess.L. ch. 13, § 12.

impair, [Homestake's] legal rights or privileges." SDCL 1–26–14.

One further matter requires our attention. One of Homestake's counsel in the proceeding before the circuit court was John Kapsner. Mr. Kapsner was formerly employed with the Environmental Protection Agency (EPA), Region 8 in Denver, Colorado. In the course of that employment, Mr. Kapsner did deal with Homestake regarding its National Pollution Discharge Elimination System (NPDES) permit and a consent judgment based thereon. This consent judgment was discussed in *United States v. Homestake Mining Co.*, 595 F.2d 421 (8th Cir. 1979).

Disciplinary Rule 9–101(B) of the Code of Professional Responsibility, Appendix to SDCL Chapter 16–18 provides:

> (B) A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

The Board moved to disqualify Mr. Kapsner as counsel, urging the application of this rule. The circuit court concluded that the rule and its enforcement are properly subjects of a disciplinary action. We disagree. If Mr. Kapsner is in violation of the disciplinary rule he should be disqualified as Homestake's counsel and the circuit court should enter an order accordingly.

In appeal # 12705, judgment of the trial court is reversed and the matter is remanded to the circuit court for further proceedings in the declaratory judgment action. Appeal # 12706 is dismissed.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., and HALL, Circuit Judge, concur.

HALL, Circuit Judge, sitting for DUNN, J., disqualified.

HEEGE, Circuit Judge, sitting for HENDERSON, J., disqualified.