**In the Matter of A NOTICE AND DEMAND TO QUASH AN ALLEGED, NON–JUDICIAL DISTRESS CERTIFICATE, ALLEGEDLY ISSUED BY the TREASURER OF DAVISON COUNTY, STATE OF SOUTH DAKOTA.**

No. 14067.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1983.

Decided Nov. 2, 1983.

Charles Krall, pro se.

Patrick W. Kiner, Davison County State's Atty., Mitchell, for appellee Davison County.

Drew C. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for appellee Unemployment Ins. Div., Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

This is an appeal from a judgment denying Dr. Charles Krall's motion to quash the distress warrant that was issued subsequent to Krall's refusal to pay unemployment insurance and the filing of a lien upon his property. We affirm.

The unemployment compensation division of the Department of Labor (Department) determined in May of 1982 that Krall owed unemployment compensation tax in the amount of $234.36 plus interest at the statutory rate. For several years prior to 1980, Krall, as the individual owner and operator of business dealing with optometry in Mitchell, South Dakota, had filed the required quarterly reports for unemployment insurance purposes. On or about May 26, 1982, Department informed Krall of its determination that he was an employer with unemployment compensation tax liability and that he had a right to appeal the matter within fifteen days. On or about June 15, 1982, Department again wrote Krall, answered certain questions, and again advised him of his right to appeal within fifteen days.

Krall then wrote Department and advised it that a Mr. Anderson would contact Department concerning Krall's tax liability. By letter dated July 14, 1982, Mr. Anderson informed Department that Krall was only resident manager, not owner, of the Professional Centre Business in Mitchell, South Dakota, and that Krall had no power to make final business decisions. Mr. Anderson also directed Department to contact him regarding the business operation.

Krall does not challenge the distress warrant on the grounds that it violated any statutory provision.* He instead has raised several issues regarding Department's authority to tax him and its authority to require payment in anything but gold and silver.

SDCL 61–2–16 authorizes the secretary of labor to adopt such rules and regulations as are necessary to administer the unemployment compensation program. A.R.S.D. 47:06:05:22 provides that Department's tax determination shall become conclusive and binding on an employer for all purposes if the employer does not file an application for notice of review by Department within fifteen days after Department sends notice of its determination to the employer.

Krall raised the issue of his tax liability in the circuit court without having first raised this issue by way of proper administrative appeal. The trial court correctly concluded that Krall's failure to exhaust his administrative remedies precluded it from exercising jurisdiction over the matter of Krall's tax liability. *Light v. Elliott,* 295 N.W.2d 724 (S.D.1980); *City of Ft. Pierre v. Van Ness,* 265 N.W.2d 267 (S.D.1978); *Gottschalk v. Hegg,* 89 S.D. 89, 228 N.W.2d 640 (1975). This is not a case where because of the absence of an adequate administrative remedy or because of administrative inaction appeal to the courts is proper. Cf. *Weltz v. Bd. of Education of Scotland Sch. Dist.,* 329 N.W.2d 131, 132 n. 1 (S.D.

1983); *Mordhorst v. Egert,* 88 S.D. 527, 223 N.W.2d 501 (1974).

The judgment is affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, Justice, concurs in result.

HENDERSON, Justice (concurring in result).

I concur in the results of this opinion entirely but must express my disapproval of the *Light* citation. As I pointed out in my dissenting opinion in *Light,* the failure to exhaust an administrative remedy was never before the trial court and not urged at appellate level; here, however, failure to exhaust an administrative remedy was the principal holding of the trial court and is now briefed. Procedurally, the cases are before us on a different footing.

---

* While Krall had originally stated that the distress warrant was invalid for lack of a seal, the trial court found that the distress warrant issued by the county treasurer ultimately complied with SDCL 10–22–9. In his proposed findings, Krall stated that "[a]t no time did Charles J. Krall challenge the Distress Warrant on the grounds that it was not in compliance with SDCL...."