1997 SD 44

Yvette JANSEN, Plaintiff and Appellant,

v.

**LEMMON FEDERAL CREDIT UNION,**
Defendant and Appellee.

No. 19671.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1997.

Decided April 23, 1997.

Dennis Maloney of Maloney & Maloney, Aberdeen, for plaintiff and appellant.

Steven J. Helmers of Truhe, Beardsley, Jensen, Helmers and Von Wald, Rapid City, for defendant and appellee.

KONENKAMP, Justice.

[¶ 1.] Yvette Jansen brought employment discrimination charges against Lemmon Federal Credit Union. After investigating, the Division of Human Rights found no probable cause on her claim of "retaliation-constructive discharge." Without appealing this finding, Jansen then brought the same charge in a civil action. Can she reassert the matter in circuit court without first successfully appealing the adverse Division ruling? The circuit court dismissed, and we affirm, holding she failed to exhaust administrative remedies.

### Facts

[¶ 2.] Jansen was employed at the Credit Union for five years. In May 1992, a loan officer position opened. She applied, but was passed over in favor of a male applicant she considered less qualified. She filed charges of discrimination with the Human Rights Division. While the matter was pending, she remained in her job for approximately a year and then left, but the evidence is conflicting about whether she left voluntarily or was asked to resign. After an investigation pur-

suant to SDCL ch. 20–13, the Division found probable cause for Count 1, "discriminatory failure to hire," but no probable cause for Count 2, "retaliation-constructive discharge." By written notice, Jansen was informed of the dismissal on Count 2 and her right to appeal under SDCL 20–13–28.1 and 1–26–30. She never appealed.

[¶ 3.] As required by SDCL 20–13–32, the Division pursued conciliation on the surviving charge, but the Credit Union declined. By Division order, the Credit Union then had to answer the charge in Count 1. Before it responded, however, Jansen decided to seek civil damages in circuit court. Her notice of election referred to Count 1 only. The Division acknowledged her decision and yielded jurisdiction.

[¶ 4.] When Jansen brought suit she asserted the substance of both Counts 1 and 2, corresponding to the charges advanced in her Division complaint. She later voluntarily dismissed Count 1, as that matter was apparently resolved. In the Credit Union's motion to dismiss Count 2 (retaliation-constructive discharge), it asserted the trial court lacked subject matter jurisdiction: Jansen had failed to establish probable cause before the Division and had not appealed. The court granted the motion, and Jansen appeals asking whether SDCL 20–13–35.1 permits her to bring a civil action despite a finding of "no probable cause," without first having appealed that decision. Jansen believes our ruling in *Montgomery v. Big Thunder Gold Mine, Inc.*, 531 N.W.2d 577 (S.D.1995), allows her to proceed in circuit court.

**Analysis and Decision**

[¶ 5.] We review dismissals to determine whether the movant was entitled to prevail as a matter of law. *Springer v. Black*, 520 N.W.2d 77, 78 (S.D.1994); *Estate*

*of Billings v. Jehovah Witnesses*, 506 N.W.2d 138, 140 (S.D.1993). In *Montgomery*, we construed SDCL 20–13–35.1 [1] where a complainant sued for sexual harassment and wrongful termination in circuit court without first filing a charge with the Division. 531 N.W.2d at 578. Under our statutes one has no option—discrimination claims must be filed first with the Division. *Id.* at 579 (*citing Weller v. Spring Creek Resort, Inc.*, 477 N.W.2d 839, 840 (S.D.1991)). Montgomery claimed SDCL 20–13–35.1 allowed her to "effectively ... bypass the administrative process altogether." *Id.* A plain reading of the statute, however, meant the Division only lost jurisdiction after it investigated a charge, found probable cause, and the charging party then elected to pursue civil remedies.

[¶ 6.] Jansen highlights the following language from *Montgomery*: "Thus when a person files a charge alleging a discriminatory or unfair practice, the parties need not carry the administrative process to completion before starting a civil action." *Id.* To her this means she need not exhaust administrative remedies, including appealing a "no probable cause" finding, before starting an action based on the same claim in circuit court. The quoted sentence merely explained a person's options under SDCL 20–13–35.1 *after* complying with the requisite administrative process, including an appeal, if necessary. In short, SDCL 20–13–28 gives the Division the power to validate charges. If probable cause is found, the Division may begin conciliation efforts. SDCL 20–13–32. When this process becomes futile, the respondent is given notice to answer the charge. SDCL 20–13–34. Within twenty days of notice, however, the charging party may elect to sue for damages in circuit court. SDCL 20–13–35.1. Conversely, if no probable cause is found, the charge is dismissed,

1. SDCL 20–13–35.1 provides (emphasis added):

*No later than twenty days after the issuance of notice requiring the respondent to answer the charge, the charging party or respondent may elect to have the claims asserted in the charge decided in a civil action, in lieu of a hearing, under the provisions of this section. Upon receipt of notice of election, the Division of Human Rights or the Commission of Human Rights has no further jurisdiction over the parties concerning the charge filed.* In a civil

action, if the court or jury finds that an unfair or discriminatory practice has occurred, it may award the charging party compensatory damages. The court may grant as relief any injunctive order, including affirmative action, to effectuate the purpose of this chapter. Punitive damages may be awarded under § 21–3–2 for a violation of §§ 20–13–20 to 20–13–21.2, inclusive, 20–13–23.4, 20–13–23.7 or 20–13–26. Attorney's fees and costs may be awarded to the prevailing party for housing matters.

triggering an obligation to proceed with an administrative appeal, or the matter becomes final. SDCL 20–13–28.1.

[¶ 7.] Exhaustion of administrative remedies is a well-settled component of the Administrative Procedures Act. SDCL 1–26–30. In comparable proceedings, exhaustion is plainly required. *South Dakota Bd. of Regents v. Heege,* 428 N.W.2d 535, 539 (S.D.1988)(*citing Robinson v. Human Relations Commission,* 416 N.W.2d 864 (S.D. 1987); *Gottschalk v. Hegg,* 89 S.D. 89, 228 N.W.2d 640 (1975)). "It is a settled rule of judicial administration that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id.* (citing *Robinson,* 416 N.W.2d at 866). Failure to exhaust remedies is a jurisdictional defect. *Matter of a Notice & Demand to Quash, Etc.,* 339 N.W.2d 785, 786 (S.D.1983). Furthermore, any claim over which an agency had jurisdiction that is raised and rejected is barred from being brought elsewhere under the doctrine of res judicata. *Johnson v. Kolman,* 412 N.W.2d 109, 113 (S.D.1987).

[¶ 8.] Jansen failed to exhaust her administrative remedies, as she did not appeal the "no probable cause" finding on "retaliation-constructive discharge." Such a finding constituted "final agency action" pursuant to SDCL 20–13–28.1.[2] Her decision not to appeal pursuant to SDCL ch. 1–26 and obtain a reversal of the no probable cause ruling deprived the circuit court of jurisdiction. *Tombollo v. Dunn,* 342 N.W.2d 23, 25 (S.D.1984). These types of claims are legislatively authorized; therefore, "[w]hen the legislature prescribes a procedure for circuit court review of the action of an administrative body, the conditions of the procedure must be complied with before jurisdiction is invoked." *Stark v. Munce Bros. Transfer & Storage,* 461 N.W.2d 587, 588 (S.D.1990); *see generally Middle Creek Sch. Dist. No. 18 v. Butte County Bd. of Ed.,* 83 S.D. 107, 111, 155 N.W.2d 450, 452 (1968). We find no flaw in

Jansen's logic that SDCL 20–13–35.1 allows a charging party the option to shift from the administrative process once certain preliminary, investigatory steps have been taken. However, it does not grant a person who has failed to appeal an adverse administrative ruling pursuant to SDCL ch 1–26 license to revive a dismissed charge in another forum.

[¶ 9.] Jansen further argues the Division and the Credit Union, in concert, "permitted the time for appeal to expire under the guise of a negotiated settlement which [the Credit Union] never accepted and for which the agency never advised [Jansen] that she would be in danger of losing any of her statutory rights if she did not take action within the time frame in which the proposed settlement contract was being considered." Jansen cites us to nothing in the record to support this, and we can find nothing ourselves. Engaging in conciliation on Count 1 was no impediment to appealing the "no probable cause" finding on Count 2. She elected not to do so and is now barred from bringing it in circuit court.

[¶ 10.] Lastly, Jansen raises the exceptions to the exhaustion doctrine. Generally, one is not required to exhaust administrative remedies if "a party is not mandated or required to proceed administratively and a separate avenue of judicial review is available." *In re Petree,* 520 N.W.2d 610, 612 (S.D.1994)(citing *Sioux Valley Hosp. Ass'n v. Bryan,* 399 N.W.2d 352 (S.D.1987)). In *Heege,* we listed the following:

(1) Exhaustion is not required where [persons], through no fault of [their] own, [do] not discover the purported wrong until after the time for application of administrative relief. *Lick v. Dahl,* 285 N.W.2d 594 (S.D.1979).

(2) Exhaustion is not required where the agency fails to act. *Weltz v. Board of Education of Scotland,* 329 N.W.2d 131 (S.D.1983) (footnote 1).

(3) Exhaustion is not required where the agency does not have jurisdiction over

---

**2.** SDCL 20–13–28.1 provides:

If the Division of Human Rights determines there is no probable cause to support the allegations of a charge after an investigation of the

charge in accordance with § 20–13–28, the division shall issue an order dismissing the charge. This shall be considered a final agency action for purposes of appeal under chapter 1–26.

the subject matter or parties. *Johnson, supra* at 112.

(4) Exhaustion is not required where the board having appropriate jurisdiction has improperly made a decision prior to a hearing or is so biased that a fair and impartial hearing cannot be had. *Mordhorst v. Egert*, 88 S.D. 527, 223 N.W.2d 501 (S.D.1974).

(5) Exhaustion is not required in extraordinary circumstances where a party faces impending irreparable harm of a protected right and the agency cannot grant adequate or timely relief. *Mordhorst, supra, Johnson, supra.*

428 N.W.2d at 539. Jansen broadly avers these exceptions, without specifying how they apply here, except to argue the administrative channels are inadequate because she seeks damages not recoverable before the Division. SDCL 20–13–42 (remedies available to the Division). We found this argument unpersuasive to prove inadequacy of administrative remedies in *Montgomery,* and we find it equally unavailing here, because if Jansen had successfully appealed the no probable cause finding, she could have sought those damages in circuit court.

[¶ 11.] Affirmed.

[¶ 12.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.