1998 SD 63

**Verlinda Iron Cloud WIEST, Plaintiff and Appellant,**

v.

**Gary J. MONTANA and West Winds Resort, Inc., Defendants and Appellees,**

No. 20214.

Supreme Court of South Dakota.

Considered on Briefs April 29, 1998.

Decided June 24, 1998.

Ramon A. Roubideaux, Rapid City, for plaintiff and appellant.

Gary J. Montana, Spearfish, pro se defendants and appellees.

PER CURIAM.

[¶ 1.] Verlinda Iron Cloud Wiest (Wiest) appeals the circuit court's grant of summary judgment and dismissal of her action against her employer, Gary J. Montana (Montana) and West Winds Resort, Inc. (West Winds). We affirm in part and reverse in part and remand.

FACTS

[¶ 2.] In September 1993, Montana hired Wiest to perform clerical work and assist him in operating West Winds, a casino, in Walworth County, South Dakota. Montana is the sole corporate officer and director of West Winds. Wiest claims she was forced to terminate employment with West Winds in May 1994.[1]

[¶ 3.] In November 1995, Wiest filed the lawsuit underlying this appeal against Montana and West Winds in circuit court. Her complaint alleged three causes of action. In the first cause of action, Wiest alleged tortious assault and battery based on the following actions:

During the course of this employment, [Montana] intentionally and maliciously touched and injured [Wiest] in an offensive manner without [Wiest's] consent by throwing office supplies and equipment at her, by grabbing her buttocks, by rubbing against her breasts, by touching his hand on her thigh, and by having physically forced [Wiest] to submit to intercourse.

In the second cause of action, Wiest alleged intentional infliction of emotional distress (IIED) based on the following actions:

During the course of [Wiest's] employment, [Montana] would constantly make inappropriate comments regarding [Wiest's] crotch and nipples. [Montana] would verbally abuse [Wiest] by yelling at her and cursing at her. In anger, [Montana] would often throw objects at [Wiest]. [Montana] would make remarks to [Wiest] about [Wiest's] husband in attempt [sic] to destroy [Wiest's] marriage.

In her third cause of action, Wiest alleged Montana had knowledge of the hostile work environment which could be imputed to West Winds and that West Winds negligently breached its duty to provide a safe working environment for her.

[¶ 4.] Montana and West Winds answered with a general denial and offered as affirmative defenses that Wiest had failed to exhaust her administrative remedies with the South Dakota Division of Human Rights and therefore the circuit court lacked jurisdiction to hear the matter and that Wiest's claim was barred by the statute of limitations set forth in SDCL 20–13–31.[2]

[¶ 5.] Following a telephonic hearing on December 20, 1996, the circuit court entered a final order granting Montana and West Wind's motion for summary judgment and dismissing Wiest's claim on grounds that her complaint constituted a claim of sexual harassment and hostile work environment and that she had failed to exhaust her administrative remedies as required by SDCL 20–

---

1. Although in their appellate brief, Montana and West Winds offer a different version of the events surrounding Wiest's employment termination, the difference is not relevant to determination of this appeal.

2. This statute provides a 180–day time period within which to file a charge with the Division after the occurrence of an alleged discrimination or unfair practice.

13–29. Wiest's motion for reconsideration of the judgment was denied. She appeals.

## ANALYSIS AND DECISION

██ [¶ 6.] In *Montgomery v. Big Thunder Gold Mine, Inc.,* we held that sexual harassment claims must first be filed with the South Dakota Division of Human Rights in order to exhaust administrative remedies. 531 N.W.2d 577, 579 (1995) (citing *Weller v. Spring Creek Resort, Inc.,* 477 N.W.2d 839, 840 (S.D.1991); SDCL 20–13–29). "For the Division to achieve its human rights objectives, it must receive all sexual harassment complaints before such claims enter the judicial process." *Id.* at 579–80. After filing an action with the Division, the claimant may, by notice of election, stop the administrative process and proceed to circuit court. *Id.* at 579 (citing SDCL 20–13–35.1); *Jansen v. Lemmon Federal Credit Union,* 1997 SD 44, ¶ 3, 562 N.W.2d 122, 123.

██ [¶ 7.] Wiest failed to file her complaint with the Division, proceeding instead directly to circuit court. Wiest claims the circuit court erred in granting summary judgment for Montana and West Winds and dismissing her action because her claim was one sounding in tort and therefore did not come under the auspices of the Division. " 'Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.' " *Bosse v. Quam,* 537 N.W.2d 8, 10 (S.D.1995) (citation omitted).

[¶ 8.] This Court has previously recognized a hostile work environment action as a cognizable claim under SDCL 20–13–10.[3] *Huck v. McCain Foods,* 479 N.W.2d 167, 169 (S.D. 1991) (citing *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404–05, 91 L.Ed.2d 49, 58–59 (1986)). Pursuant to SDCL 20–13–29, as interpreted in *Mont-*

*gomery,* Wiest was required to file her third cause of action, alleging a hostile work environment, with the Division before proceeding to circuit court. Having failed to do so, she failed to exhaust her administrative remedies and the circuit court properly dismissed this claim.

██ [¶ 9.] Wiest's first and second causes of action, that of tortious assault and battery and IIED, however, have little to do with the workplace other than its providing a location and opportunity for the conduct. *Compare Erdahl v. Groff,* 1998 SD 28, 576 N.W.2d 15; *Montgomery, supra; Huck, supra.* The conduct complained of does not result from an "adverse or unequal treatment ... with respect to application, hiring, training, apprenticeship, tenure, promotion, upgrading, compensation, layoff or any term or condition of employment." SDCL 20–13–10. Moreover, we note these two causes of action are directed against Montana personally and not the corporation. A court looks to "the pleadings as a whole and the relief requested to determine the character of the claim." *Orr v. Kneip,* 287 N.W.2d 480, 485 (S.D.1979). The conduct complained of in Wiest's first and second causes of action does not fall within the provisions of SDCL 20–13–10 which would require Wiest's exhausting her administrative remedies before proceeding to circuit court.

[¶ 10.] In *Johnson v. Kolman,* 412 N.W.2d 109, 112 (S.D.1987), we stated "a party must exhaust all available administrative remedies *only* if the agency actually has authority to deal with the particular question raised." (emphasis original). Here, the only dispute cognizable by the Division of Human Rights was the hostile work environment claim. "Exhaustion is not required where the agency does not have jurisdiction over the subject matter or parties." *Jansen,* 1997 SD 44, ¶ 10, 562 N.W.2d at 124 (quoting *South Dakota Bd. of Regents v. Heege,* 428 N.W.2d 535, 539 (S.D.1988)). The tortious assault

---

3. This statute provides:
It is an unfair or discriminatory practice for any person, because of race, color, creed, religion, sex, ancestry, disability or national origin, to fail or refuse to hire, to discharge an employee, or to accord adverse or unequal treatment to any person or employee with respect to application, hiring, training, apprenticeship, tenure, promotion, upgrading, compensation, layoff or any term or condition of employment.

**616**

and battery and IIED claims are separate and distinct causes of action which could be pursued independently of the hostile work environment claim in circuit court. *See Montgomery*, 531 N.W.2d at 580 (reversing that portion of the judgment for sexual harassment for failure to exhaust administrative remedies but allowing to stand the portion of the judgment involving the wrongful termination claim that had also been filed in circuit court).

[¶ 11.] The duty creating liability for torts is rooted in SDCL 20–9–1, which provides that every person "is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill...." The Division has no jurisdiction to decide tort claims and therefore, the trial court erred in granting summary judgment to Montana and dismissing Wiest's claims in their entirety. The portion of the order dismissing the first and second cause of action is hereby reversed and remanded; the portion dismissing the third cause of action is affirmed.

[¶ 12.] MILLER, C.J., SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

