659 N.W.2d 15 (2003)
2003 SD 29
Alma and George SMALL, Plaintiffs and Appellants,
v.
STATE of South Dakota, Department of Social Services Office of Child Protection Services, Defendant and Appellee.
No. 22513.
Supreme Court of South Dakota.
Considered on Briefs February 10, 2003.
Decided March 12, 2003.
Neil E. Carsrud of Dakota Plains Legal Services, Mission, for plaintiffs and appellants.
Lawrence E. Long, Attorney General, Kirsten E. Jasper, Special Assistant Attorney General, Pierre, for defendant and appellee.
PER CURIAM.
[¶ 1.] Alma and George Small appeal from an order dismissing their amended complaint for declaratory judgment on the basis that the circuit court lacked jurisdiction to hear the matter. We affirm.

FACTS
[¶ 2.] On February 15, 1985 the Department of Social Services filed a petition in circuit court alleging that the Smalls' *16 five children were dependent and neglected children as defined by SDCL ch. 26-8, now SDCL ch. 26-8A. The Smalls admitted the allegations in the petition. As a result, the court declared the children to be dependent children within the meaning of SDCL 26-8 and to be wards of the court. DSS was appointed guardian over the children.
[¶ 3.] In May 1995 the Smalls registered with the Rosebud Sioux Tribe to do foster care. In 1998 the tribe began the process of becoming a foster care licensing agency in affiliation with the State of South Dakota. As a part of this process the tribe had all foster parents screened through the central registry for child abuse and neglect maintained by DSS pursuant to SDCL 26-8A-10.
[¶ 4.] As a result of the screening DSS became aware that the Smalls' names appeared on the central registry due to the 1985 adjudication. Following an informal review, DSS denied the Smalls' request to remove their names from the registry.
[¶ 5.] Pursuant to SDCL 26-8A-11 the Smalls requested an administrative hearing to review the DSS decision to keep their names on the central registry. Following the hearing, the hearing officer concluded that ARSD 67:14:39:09 precluded an individual who has been adjudicated to have abused or neglected a child or has been convicted under SDCL ch 22-22 or SDCL 26-10-1 from requesting removal from the registry. Therefore, the hearing officer concluded that DSS's determination that the Smalls' name should remain on the central registry was supported by a preponderance of the evidence.
[¶ 6.] The Secretary of DSS adopted the hearing officer's findings of fact, conclusions of law and decision and entered a final decision on August 4, 1999. Notice of entry of the final decision was sent to the Smalls and they were advised that they had the right to appeal the decision to circuit court within thirty days of service of the final decision. The Smalls did not appeal.
[¶ 7.] On May 31, 2001 the Bureau of Indian Affairs' Branch of Social Service completed a home study regarding the Smalls' home as a foster care provider. This study concluded that their home did not meet the requirements for foster care providers based upon:
1. Felony conviction on record.
2. South Dakota Central Registry screening resulted in two substantiated reports.
3. An off reservation foster home must meet state licensing standards.
The BIA informed the Smalls that this decision would become effective on June 30, 2001.
[¶ 8.] On December 20, 2001 the Smalls filed a summons and complaint for declaratory judgment pursuant to SDCL 21-24-3. In May 2002 the circuit court granted their motion to amend the complaint. The amended complaint for declaratory judgment sought relief pursuant to SDCL 1-26-14.
[¶ 9.] The Smalls argued that they had a constitutionally protected liberty interest and had been deprived of procedural and substantive due process. They asked the court to provide one of the following alternative forms of relief:
1. An order expunging both Alma and George Small's name from the central registry;
2. An Order granting both Alma and George a waiver to allow them to obtain another foster care license;
3. An Order directing the Department of Social Services to amend ARSD 67:14:39:09 and allow Alma and George the opportunity to have a *17 meaningful hearing that could result in their names being expunged from the central registry; or
4. Such further or alternative relief as the Court deems appropriate.
[¶ 10.] DSS argued that Smalls' purported declaratory judgment action was merely a blatant attempt to appeal the 1999 final decision following the administrative hearing. Because the Smalls did not appeal that decision, DSS asked for dismissal of the declaratory judgment action.
[¶ 11.] The circuit court found that it had no jurisdiction to hear the matter and filed an order of dismissal.

ISSUE
[¶ 12.] Did the circuit court err in dismissing the Smalls' declaratory judgment action brought pursuant to SDCL 1-26-14 based upon lack of jurisdiction?

DISCUSSION
[¶ 13.] The procedure for subjects of reports of abuse or neglect to request the amendment, expungement of identifying information, or removal of the record of the report from the central registry is found in SDCL 26-8A-11.[1] Under this procedure the subject of a report may request an administrative hearing if DSS does not grant the relief requested or fails to act. Id. In the administrative hearing the report's accuracy is conclusively presumed if there has been a court finding of child abuse and neglect. Id. Consequently the subject has no right to an administrative hearing on inaccuracy. Id. In addition an individual who has found to have abused or neglected a child as adjudicated by a court may not request removal of the information. ARSD 67:14:39:09. The issue becomes whether the record of the report is being maintained in a manner *18 inconsistent with SDCL ch 26-8A. SDCL 26-8A-11.
[¶ 14.] The hearing officer followed these dictates in determining that the DSS determination that Smalls' names should remain in the central registry for child abuse and neglect was supported by a preponderance of the evidence. "Decisions of the department under this section are administrative decisions subject to judicial review under chapter 1-26." SDCL 26-8A-11.
[¶ 15.] "A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under [SDCL ch 1-26.]" SDCL 1-26-30. "An appeal shall be allowed in the circuit court to any party in a contested case from a final decision, ruling or action of an agency." SDCL 1-26-30.2. On appeal, the circuit court
shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in light of the entire evidence in the record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15-17.
SDCL 1-26-36.
[¶ 16.] Smalls' administrative hearing was a contested case. SDCL 26-8A-11; SDCL 1-26-1(2)[2], SDCL 28-1-24.1. It is uncontroverted that they failed to appeal to the circuit court from DSS's final decision. This failure to appeal an adverse administrative ruling pursuant to SDCL ch 1-26 constitutes a failure to exhaust administrative remedies. Jansen v. Lemmon Federal Credit Union, 1997 SD 44, 562 N.W.2d 122.
Exhaustion of administrative remedies is a well-settled component of the Administrative Procedures Act. SDCL 1-26-30. In comparable proceedings, exhaustion is plainly required. South Dakota Bd. of Regents v. Heege, 428 N.W.2d 535, 539 (S.D.1988) (citing Robinson v. Human Relations Commission, 416 N.W.2d 864 (S.D.1987); Gottschalk v. Hegg, 89 S.D. 89, 228 N.W.2d 640 (1975)). "It is a settled rule of judicial *19 administration that `no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" Id. (citing Robinson, 416 N.W.2d at 866). Failure to exhaust remedies is a jurisdictional defect. Matter of a Notice & Demand to Quash, Etc., 339 N.W.2d 785, 786 (S.D.1983). Furthermore, any claim over which an agency has jurisdiction that is raised and rejected is barred from being brought elsewhere under the doctrine of res judicata. Johnson v. Kolman, 412 N.W.2d 109, 113 (S.D. 1987).
Jansen, 1997 SD 44 at ¶ 7, 562 N.W.2d at 124.
[¶ 17.] The Smalls dispute this conclusion. They contend that they were required to bring a declaratory judgment action pursuant to SDCL 1-26-14 which provides:
The validity or applicability of a rule may be determined in an action for declaratory judgment in the circuit court for the county of the plaintiff's residence if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.
The Smalls contend that this Court's decision in Homestake Mining Company v. Board of Environmental Protection, 289 N.W.2d 561 (S.D.1980) supports this contention. Their reliance is misplaced, however.
[¶ 18.] Homestake Mining did not involve a contested case procedure. It concerned rule-making. The State Environmental Protection Board adopted rules designating Whitewood Creek as a cold water fishing stream. Homestake appealed to the circuit court under SDCL 1-26-30, claiming that the appeal procedure authorized judicial review of the validity of Board's administrative rules. This Court held that SDCL 1-26-30 was not intended to authorize appeals that question rules "in other than contested cases." Homestake, 289 N.W.2d at 561. The Court was convinced that SDCL 1-26-30 did "not contemplate an additional procedure for a wholesale attack on the validity of administrative rules through an appeal process." Id. The correct procedure for questioning the validity of the rules in a rule-making situation was through the declaratory judgment procedure provided by SDCL 1-26-14.
[¶ 19.] Homestake, therefore, stands for the proposition that in contested cases, like the Smalls', rules can be contested by the appeal authorized by SDCL 1-26-30. This is consistent with the general proposition that declaratory relief under an administrative procedure act is not available for review of adjudications effected in the course of an individual proceeding. 2 Am. Jur.2d Administrative Law § 232 (2002). Consequently, their constitutional concerns and concerns regarding ARSD 67:14:39:09 should have been raised by direct appeal pursuant to SDCL 1-26-30 and considered by the circuit court vested with the authority to determine if their substantial rights had been violated by an administrative decision in violation of constitutional or statutory authority or in excess of the agency's statutory authority. SDCL 1-26-36(1), (2).
[¶ 20.] The Smalls' decision not to appeal pursuant to SDCL ch 1-26 deprived the circuit court of jurisdiction. Jansen, 1997 SD 44 at ¶ 8, 562 N.W.2d at 124. The circuit court properly granted DSS's motion to dismiss.
*20 [¶ 21.] The order of dismissal is affirmed.
[¶ 22.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.
NOTES
[1] SDCL 26-8A-11 provides:

Within thirty days after notice of a substantiated investigation by the Department of Social Services, a subject of a report of abuse or neglect may request the department to amend, expunge identifying information from, or remove the record of the report from the register. The request shall be in writing and directed to the person designated by the department in the notice. If the department refuses to do so or does not act within thirty days after receipt of the written request, the subject may request an administrative hearing within thirty days to determine whether the record of the report should be amended, expunged, or removed on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. However, if there has been a court finding of child abuse or neglect, the report's accuracy is conclusively presumed and the subject has no right to an administrative hearing on the ground of inaccuracy. The hearing shall be held within a reasonable time after the subject's request and at a reasonable place and hour. The appropriate local office of the Department of Social Services shall be given notice of the hearing. In the hearing, the burden of proving the accuracy and consistency of the record is on the department. The hearing examiner may order the amendment, expunction, or removal of the record to make it accurate and consistent with this chapter. However, under no circumstances, may the hearing examiner order or may the department carry out any amendment, expunction, or removal of any portion of the record that proves, affirms, corroborates, or supports the innocence of the subject of the report without the express written authority of the subject. The decision shall be made in writing within ninety days after the date of receipt of the request for a hearing and shall state the reasons upon which it is based. Decisions of the department under this section are administrative decisions subject to judicial review under chapter 1-26. In any case where there has been no substantiated report of child abuse and neglect, the department may not maintain a record or other information of unsubstantiated child abuse and neglect for longer than three years if there has been no further report within that three-year period.
[2] SDCL 1-26-1(2) provides:

(2) "Contested case," a proceeding, including rate-making and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing but the term does not include the proceedings relating to rule making other than rate-making, proceedings related to inmate disciplinary matters as defined in § 1-15-20, or student academic or disciplinary proceedings under the jurisdiction of the Board of Regents or complaints brought by students attending institutions controlled by the Board of Regents about their residency classification under §§ 13-53-23 to 13-53-41, inclusive.