2004 SD 129

**Robert REYNOLDS, Petitioner and Appellant,**

v.

**DOUGLAS SCHOOL DISTRICT # 51–1 and Douglas Board of Education, Respondents and Appellees.**

No. 23042.

Supreme Court of South Dakota.

Considered on Briefs Aug. 23, 2004.

Decided Dec. 15, 2004.

Anne Plooster, South Dakota Education Association, Pierre, South Dakota, for petitioner and appellant.

Craig A. Pfeifle of Lynn, Jackson, Shultz & Lebrun, Rapid City, South Dakota, for respondents and appellees.

RUSCH, Circuit Judge.

[¶ 1.]  This is an appeal from an order granting Douglas School District's (District) motion for summary judgment. We affirm for a different reason.

FACTS AND PROCEDURAL HISTORY

[¶ 2.]  Teachers at the District, including Robert Reynolds (Reynolds), are employed under a collective bargaining agreement negotiated between the District and the Douglas Education Association (DEA). The relevant negotiated agreement, signed on April 23, 2001, covered the 2001–2002 and 2002–2003 school years. The agreement addressed issues of wages, rates of pay, hours of employment and other conditions of employment. Article X of the agreement gave the superintendent broad powers to assign, reassign, or transfer teachers. It provided:

Each employee of the Board of Education shall be assigned to a specific position at the direction of the superintendent of schools and *may be trans-*

*ferred to any other position as the superintendent may direct.*

*Transfers may be at the initiative of the superintendent or other administrative officers for any purpose, which, in the judgment of the superintendent, is for the welfare of the employee or the schools.* An administrative transfer or reassignment shall be made only after a conference between the teacher involved, the superintendent, and the teacher's immediate supervisor, at which time the teacher will be notified of the reason therefore. (emphasis supplied).

[¶ 3.] The negotiated agreement also contained a grievance procedure (Article V) to deal with any "violation, misinterpretation or inequitable application of any of the terms of this Agreement." The grievance procedure provided for consideration of grievances at four levels: 1) the principal, 2) the superintendent, 3) the Board of Education, and 4) the Department of Labor.

[¶ 4.] Reynolds has been employed by the District since the 1984–1985 school year as a middle school teacher. He was also the head high school track coach for the District since the 1985–1986 school year. In 1999–2000 and 2000–2001, Reynolds' performance evaluation as head track coach showed areas of concern and recommended non-reassignment.[1] Reynolds disagreed with these evaluations and provided written rebuttals. During the 2001–2002 school year, Reynolds was paid as head track coach, but did not perform any coaching duties.

[¶ 5.] On March 20, 2002, Reynolds received a notice of non-renewal of his head high school track coach position. Reynolds requested a hearing under the continuing contract law (SDCL 13–43–6.2 *et seq* ) within the required time. However, on May 14, 2002, the District decided not to go forward with the non-renewal proceedings. On May 29, 2002, Reynolds entered into a contract for the 2002–2003 school year which included the head high school track coach position. On that same day the school superintendent met with Reynolds and his immediate supervisor and advised Reynolds that pursuant to Article X of the negotiated agreement he was being transferred to the position of middle school assistant track coach at exactly the same pay that he would have received as the head high school track coach. In making the transfer the superintendent fully complied with the procedural requirements of Article X of the negotiated agreement. On June 10, 2002, the School Board approved the transfer.

[¶ 6.] Reynolds then filed a grievance under Article V of the negotiated agreement. He completed the first two steps of that procedure prior to filing this SDCL 13–46–1 appeal on August 26, 2002.[2] After filing this appeal but before the District became aware of it, Reynolds completed the third step of the grievance procedure. The fourth step is still pending.

---

1. The evaluations reported that Reynolds failed to meet expectations in two categories of student relations, *i.e.,* enthusiasm and communication with individual players, and in two administrative areas, *i.e.,* organization of staff and communication with coaches.

2. This is an appeal from the June 10, 2002, decision of the school board under SDCL 13–46–1 which provides:

> From a decision made by any school board, or by a special committee created by any provision of the school law ..., an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such decision.

[¶ 7.] This matter was presented to the trial court on cross motions for summary judgment. The trial court found that this was a transfer not a non-renewal and, as such, was governed by the terms of the negotiated agreement between the District and the DEA, that Reynolds agreed to the terms of the negotiated agreement and was bound by it and that, following the transfer, Reynolds had a job and a coaching position and that his salary was not affected in any way.

## DECISION

[¶ 8.] Reynolds was not entitled to the relief which he sought for another reason. Under the negotiated agreement, transfer decisions are made by and within the discretion of the superintendent. There is no provision in Article X providing that transfers are to be made by the school board or subject to the school board's review. Therefore, except in the case of a grievance under Article V, there is nothing in the negotiated agreement that gives the school board authority to approve or disapprove the superintendent's transfers. Reynolds concedes that this was an unnecessary step. Consequently, to the extent that Reynolds sought to appeal from a substantive decision of the school board making the transfer decisions, the circuit court did not have jurisdiction over the appeal. As this Court indicated in *In re Appeal From Decision of Yankton County Commission*, 2003 SD 109, ¶ 21, 670 N.W.2d 34, 41: "[b]ecause the permit decision was not before the County Commission, the circuit court had no jurisdiction to review the County Commission's decision under SDCL 7-8-28."

[¶ 9.] Neither did the circuit court acquire jurisdiction by means of the grievance. The reassignment or transfer decision is subject to the grievance procedure provided in Article V of the negotiated agreement. Although Reynolds pursued that grievance, he filed this appeal before the school board made its decision and he has never completed step four of the grievance procedure. In fact, his grievance is still pending before the Department of Labor.

[¶ 10.] "It is a settled rule of judicial administration that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' Failure to exhaust remedies is a jurisdictional defect." *Small v. State*, 2003 SD 29, ¶ 16, 659 N.W.2d 15, 18–19 (quoting *Jansen v. Lemmon Federal Credit Union*, 1997 SD 44, ¶ 7, 562 N.W.2d 122, 124). (citations omitted).

[¶ 11.] Therefore, we affirm the judgment of the circuit court, although for a different reason.

[¶ 12.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 13.] RUSCH, Circuit Judge, for SABERS, Justice, disqualified.